IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 2:24-cr-00198-BHH |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT W. NAZZARO | ) | |

**PRELIMINARY ORDER OF FORFEITURE
AS TO ROBERT W. NAZZARO**

This matter is before the court on the motion of the United States for a Preliminary Order

of Forfeiture as to Defendant Robert W. Nazzaro, ("Nazzaro" or "Defendant"), based upon the

following:

1.    On March 12, 2024, an Indictment was filed charging Nazzaro with:

Counts 1 & 2: Attempted coercion and enticement of a minor, in violation of 18
U.S.C. § 2422(b);

Counts 3 & 4: Attempted transfer obscenity to a minor, in violation of 18 U.S.C. §
1470;

Counts 5–8: Commission of a felony sex offense involving a minor by a
registered sex offender, in violation of 18 U.S.C. §2260A.

2.    Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a notice of forfeiture

providing that upon Nazzaro's conviction, certain properties enumerated therein, or equivalent

substitute assets, would be subject to forfeiture to the United States. As specified therein, such

assets include, but are not limited to the following:

A.    Proceeds/Forfeiture Judgment:[1]

A sum of money equal to all proceeds the Defendant

---

[1] The government is not pursuing a forfeiture judgment against the defendant.

obtained, directly or indirectly, from the offenses charged in this Indictment, and all interest and proceeds traceable thereto, and/or such sum that equals all property derived from or traceable to his violations of 18 U.S.C. §§ 1470 and 2422.

B.     Electronic Equipment:

(1)     Black Motorola G Pure XT2163-4
IMEI "355566174548017"

(2)     Blue Motorola cell phone

3.     On April 13, 2026, Nazzaro signed a Plea Agreement, agreeing to forfeiture; and on April 14, 2026, Defendant pled guilty to the attempted coercion and enticement of a minor charge.

4.     Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 2428 and 28 U.S.C. § 2461(c).

5.     The court has determined that the government has established the requisite nexus between the said property subject to forfeiture and the offense for which Nazzaro has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1.     The following property is hereby forfeited to the United States of America, along with all rights, title, and interest of Defendant Robert W. Nazzaro in and to such property:

Electronic Equipment:

(1)     Black Motorola G Pure XT2163-4
IMEI "355566174548017"
Asset ID: 23-ICE-003324

Order, p. 2 of 4

(2)     Blue Motorola cell phone
Asset ID: 23-ICE-003324

2.     Upon entry of the criminal judgment, this order becomes final as to Nazzaro and shall be made a part of his sentence and included in the criminal judgment.

3.     The United States shall publish notice of this Order and its intent to dispose of the property in such manner as the Attorney General may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property.

4.     Upon entry of this Order, the United States or their designee is authorized to seize the above-described forfeited property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights.

5.     Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c).

6.     Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property; the time and circumstances of the petitioner's acquisition of the right, title or interest in such property; and additional facts supporting the petitioner's claim and the relief sought.

7.     After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules

of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8.      The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

9.      The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10.      The Clerk, U.S. District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.


___s/ Bruce Howe Hendricks_____
BRUCE HOWE HENDRICS
UNITED STATES DISTRICT JUDGE

___August 12_____, 2026
Charleston, South Carolina